UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY WARREN RADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 772 JMB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**[1]

Before the Court are multiple motions filed by both parties to this action, including Defendant's Motion to Dismiss Count III of the Complaint; Plaintiff's Motion to Amend his Complaint; both parties' Joint Motion to Continue the Rule 16 Conference in this matter; and the parties' Joint Motion to Stay the case temporarily. (ECF Nos. 8, 10, 16, and 17, respectively)

This lawsuit arises under the Federal Tort Claims Act. See 28 U.S.C. §§ 2671, *et seq*. Plaintiff alleges, in substance, that the St. Louis Veteran Affairs Medical Center ("Defendant") negligently provided sub-standard medical care, ignored his requests for treatment, and retaliated against him for his complaints. Count I of the Complaint accuses Defendant of "Individual Medical Negligence;" Count II alleges "Institutional Medical Negligence;" and Count III asserts that various state laws at issue in this case violate the Missouri and federal constitutions.[2]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Plaintiff alleges that the following statutes violate either the Missouri or federal constitution: § 538.210 RSMo. (placing a statutory cap on non-economic damages); § 538.225 (requiring an affidavit that the plaintiff has obtained the written report of a health care provider indicating that a defendant fell below a standard of care in treating the plaintiff); § 490.715 (permitting introduction of evidence of insurance payments toward a plaintiff's medical bills, thus narrowing the collateral source rule); and § 537.067 (defining the operation of joint and several liability in tort cases under Missouri law).

On August 5, 2016, Defendant moved to dismiss Count III of the Complaint for failure to state a claim. (See ECF No. 9) On August 8, 2016, Plaintiff then moved to amend his original complaint, and also opposed Defendant's motion to dismiss. (ECF No. 10)

On August 26, 2016, after Defendant's Motion to Dismiss, and Plaintiff's Motion to Amend were filed, this Court issued an order setting a Rule 16 conference. (ECF No. 14) On September 16, 2016, both parties jointly informed the Court that Plaintiff has filed an additional charge with the Veteran's Administration, and that that claim is currently in administrative proceedings. Both counsel further inform the Court that this new claim is factually "inter-linked" with the claim currently before the Court, and involves the same medical providers. The parties argue that these claims should therefore be adjudicated together, and have proposed that the Court stay the current litigation pending the outcome of the new administrative proceedings.

The Court agrees that this course of action is preferable to trying both of these factually and legally related cases separately. Therefore, the Court will order this matter stayed until March 10, 2017, by which time, according to the parties, the new administrative proceedings will have concluded. Consequently, the Court will also vacate the Rule 16 conference currently set in this matter. A new Rule 16 conference will be scheduled upon further order of the Court. Additionally, the currently pending Motion to Dismiss, and Motion to Amend will be denied without prejudice to refiling after the stay in this matter is lifted.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion For Stay Pending The Outcome Of Plaintiff's Form 95 (ECF No. 17) is **GRANTED**. This matter is stayed until March 10, 2017, or until further order of this Court.

**IT IS FURTHER ORDERED** that the parties' Joint Motion To Continue Rule 16 Scheduling Conference (ECF No. 16) is **GRANTED**. The Rule 16 Conference scheduled for September 27, 2016 is **VACATED**, and will be rescheduled upon further order of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion To Dismiss Count III of Plaintiff's Complaint (ECF No. 8) is **DENIED, without prejudice** to refiling after the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint (ECF No. 10) is **DENIED, without prejudice** to refiling after the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that, by March 10, 2017, the parties shall jointly file a motion to lift the stay in this matter, and concurrently provide the Court with an status update at that time.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2016